UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re                                    :      Chapter 11
: 
SILICON GRAPHICS, INC., *et al.*,        :      Case No. 09-_____ (         )
: 
Debtors.                                 :      (Jointly Administered)
: 
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER APPROVING BID PROCEDURES AND BID PROTECTIONS AND THE FORM AND MANNER OF NOTICES THEREOF

Upon the motion (the "Motion")[1] of the Silicon Graphics, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order (the "Order") pursuant to sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014 (a) approving the Bid Procedures, the Breakup Fee, and the Expense Reimbursement, and (b) approving the form and manner of notices thereof; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

THE COURT HEREBY FINDS THAT:

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 365, 503, and 507 and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

C. Notice of the Motion, has been given to: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) counsel to the agent for the Debtors' prepetition secured lenders; (iv) the Internal Revenue Service; and (v) all entities who are known to possess or assert a claim against the Debtors (collectively, the "<u>Notice Parties</u>").

D. The Debtors have articulated good and sufficient reasons for this Court to: (i) approve the Bid Procedures; (ii) set the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing; (iii) approve the procedures for the assumption and assignment of Assigned Contracts, including notice of proposed cure amounts; and (iv) grant certain bid protections as provided in the Stalking Horse Agreement and in this Order.

E. The Breakup Fee and the Expense Reimbursement shall be paid in accordance with the Stalking Horse Agreement and (i) if triggered, shall be deemed an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) are of substantial benefit to the Debtors' estates, (iii) are reasonable and appropriate, including in light of

the size and nature of the Transaction and the efforts that have been or will be expended by the Buyer notwithstanding that the proposed Transaction is subject to higher and better offers for the Acquired Assets, (iv) were negotiated by the parties at arm's-length and in good faith, and (v) are necessary to ensure that the Buyer will continue to pursue its proposed acquisition of the Acquired Assets.

F. The Bid Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

AND THE COURT HEREBY ORDERS THAT:

1. The Motion is GRANTED as and to the extent provided herein.

2. The Buyer is designated as the stalking horse bidder.

3. The Bid Procedures, substantially in the form attached to this Order as <u>Exhibit A</u>, are hereby approved. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

4. Section 7.11 of the Stalking Horse Agreement is hereby approved and binding upon the Debtors and their estates. The Debtors are authorized and directed to pay the Breakup Fee and Expense Reimbursement in accordance with, and only to the extent required by, the terms of the Stalking Horse Agreement without further order of the Court.

5. The Debtors' obligation to pay the Breakup Fee and Expense Reimbursement, as provided by the Stalking Horse Agreement, shall (i) survive termination of the Stalking Horse Agreement, (ii) be paid, in cash, from the deposit and/or the sale proceeds generated by the sale or sales of the Acquired Assets paid by the Successful Bidder or Backup Bidder, (iii) be paid to the Buyer, in cash, prior to delivery of any sale proceeds to any of the Secured Lenders, (iv) paid in accordance with the

Stalking Horse Agreement, and (v) constitute a superpriority administrative expense claim in favor of the Buyer having priority over any and all administrative expenses of the kind specified in Bankruptcy Code sections 503(b) and 507(b), senior to all administrative expense claims of the Secured Lenders, notwithstanding anything to the contrary in any orders approving the Debtors' use of cash collateral.

6. In the event that one or more of the Secured Lenders (or their agents) purchase the Acquired Assets and the cash proceeds from such sale are insufficient to pay the Breakup Fee and Expense Reimbursement, such Secured Lenders (or their agents) shall be required to pay any portion of the Breakup Fee and Expense Reimbursement that cannot be paid in cash from the proceeds of such sale to the Buyer as a condition precedent to the closing of such sale (it being understood that the remainder of the Breakup Fee and Expense Reimbursement will be paid from the proceeds of such sale).

7. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court are overruled.

8. The Debtors shall publish the notice attached to the Motion as Exhibit H (the "Bid Procedures Notice") once in the national edition of *The Wall Street Journal* within five business days after entry of this Order. The Debtors shall also serve the Bid Procedures Notice, within three business days after entry of this Order, on the (i) the Office of the United States Trustee for the Southern District of New York; (ii) the creditors holding the 50 largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) counsel to the Agent; (iv) the Internal Revenue Service; and (v) all entities who are known to possess or assert a claim against the Debtors.

9. As further described in the Bid Procedures, the Debtors shall conduct the Auction at 10:00 a.m. (prevailing Eastern time) on April 28, 2009, at the offices of the Debtors' counsel, Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York 10036 or such later time on such day or other place as the Debtors shall notify all Qualified Bidders who have submitted Qualified Bids, if a Qualified Bid is timely received.

10. On or before April 7, 2009, the Debtors shall send a notice, substantially in the form of <u>Exhibit F</u> attached to the Motion, to each counterparty for an executory contract or unexpired lease of the Debtors (each, a "<u>Contract Counterparty</u>") setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such Contract Counterparty if the Debtors decided to assume or assume and assign such executory contract or unexpired lease (each, a "<u>Cure Notice</u>").

11. Any Contract Counterparty that objects to the amount set forth in the Cure Notice must file an objection (a "<u>Cure Objection</u>"), on or before 4:00 p.m. (prevailing Eastern Time) on April 21, 2009, which Cure Objection must be served on (i) counsel for the Debtors, Ropes & Gray LLP, at 1211 Avenue of the Americas, New York, New York 10036, Attn.: Mark R. Somerstein; (ii) counsel to the Agent for the Secured Lenders, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Thomas M. Mayer; (iii) counsel to the Buyer, Cooley Godward Kronish LLP, 101 California Street, San Francisco, California 94111, Attn: J. Michael Kelly; and (iv) counsel to any statutory committees appointed in the Debtors' chapter 11 cases (collectively, the "<u>Service Parties</u>"), so that it is actually received no later than 4:00 p.m. (prevailing Eastern Time) on April 21, 2009.

12. If a Contract Counterparty does not timely file and serve a Cure Objection with respect to a Cure Notice, such Contract Counterparty shall be forever barred from objecting to the cure amount proposed in such Cure Notice. If a Contract Counterparty files a timely Cure Objection and the parties are unable to consensually resolve the dispute, a hearing on such Cure Objection will be held at or prior to the Sale Hearing.

13. On or before April 7, 2009, the Debtors will send a notice, substantially in the form of Exhibit G attached to the Motion, to each counterparty (each, an "Assigned Counterparty") to a contract designated as an Assigned Contract in the Stalking Horse Agreement (a "Contract Assignment Notice"). The Contract Assignment Notice will contain reasonable detail of the proposed Assigned Contract and information regarding adequate assurance of future performance by the Buyer.

14. Any Assigned Counterparty that objects to the assignment of their Assigned Contract to the Buyer must file an objection (an "Assignment Objection") on or before 4:00 p.m. (prevailing Eastern Time) on April 27, 2009, which Assignment Objection must be served on the Service Parties so that it is actually received no later than 4:00 p.m. (prevailing Eastern Time) on April 27, 2009.

15. If an Assigned Counterparty does not timely file and serve an Assignment Objection in accordance with the requirements of this Order, the Assigned Counterparty shall be forever barred from objecting at the Sale Hearing or thereafter to, and shall be deemed to have consented to, the assumption of their Assigned Contract by the Debtors and the assignment of such Assigned Contract to the Buyer. If an Assigned Counterparty files a timely Assignment Objection and the parties are unable to

consensually resolve the dispute, a hearing on the Assignment Objection will be held at Sale Hearing.

16. If the Buyer is not the Successful Bidder at the Auction, then no later than five (5) business days after the Auction, the Debtors shall send a subsequent Contract Assignment Notice to each counterparty to a contract designated as an Assigned Contract by the Successful Bidder or the Backup Bidder identifying the Successful Bidder and the Backup Bidder and providing information regarding adequate assurance of future performance by the Successful Bidder and the Backup Bidder.

17. Nothing in this Order shall affect the rights of the Buyer, until the Closing (as defined in the Stalking Horse Agreement) and in its sole discretion, to add or remove any executory contract or unexpired lease of the Debtors from the list of Assigned Contracts, in the event that the Buyer is the Successful Bidder at the Auction.

18. Nothing in this Order shall affect the rights of the Successful Bidder to add or remove executory contract and unexpired leases from the list of Assigned Contracts prior to the Sale Hearing. The Debtors shall file a list of the Assigned Contracts to be assumed and assigned to the Successful Bidder at the Sale Hearing with the Court on or before the date of the Sale Hearing.

19. The Sale Hearing will be conducted on April 29, 2009. The Debtors will seek entry of an order of the Court at the Sale Hearing approving and authorizing the sale of the Acquired Assets to the Successful Bidder. The Sale Hearing may be continued from time to time without further notice, other than announcements made in open court or a notice of adjournment filed with the Court and served on the Notice Parties.

20. Objections, if any, to the relief requested in the Motion relating to the Transaction must be in writing, filed with the Court no later than 12:00 p.m. (prevailing Eastern time) on April 28, 2009, and served on the Service Parties so that such objection is actually received by 12:00 p.m. (prevailing Eastern time) on April 28, 2009.

21. The Debtors are authorized to file the Schedules to the Stalking Horse Agreement under seal pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Schedules shall remain confidential and be made available by the Debtors only to the Court, the Office of the United States Trustee, and those persons, approved by the Debtors, who execute a non-disclosure agreement acceptable to the Debtors. The Schedules shall not be made available to the general public.

22. The Debtors shall email or mail, by overnight delivery, a copy of this Order with the exhibits hereto to all persons and entities who have expressed an interest in acquiring any assets of any of the Debtors.

23. As provided in Bankruptcy Rule 6004(h) and 6006(d), this Order shall not be stayed for ten days after the entry hereto and shall be effective and enforceable immediately upon the entry hereof.

24. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth herein constitute findings of fact, they are adopted as such.

25. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26. The Debtors are authorized to take all actions necessary to effect the relief granted pursuant to this Order in accordance with the Motion.

27. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

28. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: New York, New York
_____, 2009

UNITED STATES BANKRUPTCY JUDGE