**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re : Chapter 11
:
**SILICON GRAPHICS, INC.,** *et al.*, : Case No. 09-11701 (MG)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL ORDER AUTHORIZING THE DEBTORS TO:
(A) CONTINUE USE OF BANK ACCOUNTS, BUSINESS FORMS,
AND CASH MANAGEMENT SYSTEM; (B) CONTINUE
INTERCOMPANY TRANSACTIONS AND ADMINISTRATIVE
PRIORITY STATUS TO POSTPETITION INTERCOMPANY
CLAIMS; AND (C) WAIVE THE REQUIREMENTS OF 11 U.S.C. SECTION 345(b)**

Upon the motion (the "Motion")[1] of Silicon Graphics, Inc., on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for an order (the "Order") (A) authorizing the Debtors (i) to maintain their existing bank accounts; (ii) to continue use of their existing business forms; and (iii) to continue use of their existing Cash Management System (as defined below); (B) authorizing the Debtors to continue intercompany transactions and granting administrative priority status to postpetition intercompany claims; and (C) waiving the requirements of 11 U.S.C. § 345(b); a hearing having been held to consider the relief requested in the Motion on an interim basis (the "Interim Hearing"); and the Court having entered an amended order on April 2, 2009 granting the Motion on an interim basis, with the appearance of all interested parties noted in the record of the Interim Hearing; and upon the Declaration of Gregory S. Wood in Support of Chapter 11 Petitions and First Day Motions and Applications, sworn to on March 31, 2009 and the record of the Interim Hearing; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 157 and 1334; and it appearing that venue of the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent provided herein.

2. <u>Maintenance of Bank Accounts.</u> Pursuant to section 363 of the Bankruptcy Code, the Debtors, in their discretion, are authorized and empowered to: (i) designate, maintain, and continue to use any and all of the Bank Accounts in existence as of the Petition Date, including, without limitation, the accounts identified in <u>Exhibit A</u> to the Motion, with the same account numbers, styles, and document forms as those employed prior to the Petition Date; (ii) deposit funds into and withdraw funds from the Bank Accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers, and other debits; (iii) open new accounts wherever they are needed, provided that the Debtors shall give the U.S. Trustee notice of each such newly-opened account; (iv) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacity as debtors in possession; and (v) close any Bank Account.

3. For all purposes in the Order, any and all accounts opened by the Debtors on or after the Petition Date shall be deemed a Bank Account (as if it had been opened prior to

the Petition Date and listed on Exhibit A to the Motion) and any and all Banks at which such accounts are opened shall similarly be subject to the rights and obligations of the Order.

4. Cash Management System. The Debtors are authorized to continue to use the Cash Management System, as described in the Motion and as illustrated in the chart attached as Exhibit B to the Motion, under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by the Order and any other Order of this Court. The Debtors shall maintain through the use of the Cash Management System detailed records reflecting all transfers of funds, including Intercompany Transactions, so that all such transactions may be readily ascertained, traced and recorded properly on applicable intercompany accounts.

5. After the Petition Date, and subject to the terms of the Order, all banks at which the Bank Accounts are maintained are authorized and directed to continue to administer the Bank Accounts as such accounts were maintained prepetition, without interruption and in the usual and ordinary course, and to pay any and all checks, wire transfers, electronic fund transfers, or other items presented, issued, or drawn on any of the Bank Accounts; provided, however, that except as otherwise ordered by this Court, no checks, drafts, or other items presented, issued, or drawn on any of the Bank Accounts prior to the Petition Date shall be honored.

6. Subject to the provisions of the Order, the Banks are authorized and directed to accept, honor, and rely upon all representations from the Debtors as to which checks, drafts, or wire transfers should be honored or dishonored consistent with orders entered by this Court, whether the checks, drafts, or wire transfers are dated prior to, on, or subsequent to the Petition Date and whether or not the Bank believes that payment is authorized by some other

order of this Court; provided, that the Banks shall not be held liable for improperly honoring or dishonoring any check, draft, or wire transfer presented, issued, drawn, or debited on the Bank Accounts on account of a claim (as such term is defined in section 101(5) of the Bankruptcy Code) arising before the Petition Date, which, at the direction of the Debtors was requested to be honored or dishonored, as the case may be, unless the Banks' actions were grossly negligent.

7. Each Bank at which a disbursement account is maintained shall implement reasonable handling procedures designed to effectuate the terms of the Order. No Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of the Order as a result of an innocent mistake made despite implementation of such handling procedures shall be deemed to be liable to the Debtors or their estates or otherwise to be in violation of the Order on account of such mistake.

8. Any third party service provider with whom the Debtors directly or indirectly have contracted to provide services in connection with the operation of the Cash Management System is authorized and directed during the pendency of these cases to continue to provide to the Debtors those services they provided prior to the Petition Date, until further order of this Court.

9. <u>Use of Business Forms.</u> The Debtors shall imprint the legend "DIP" or "Debtor in Possession," the main case number (09-11701 (MG)), and any other information identifying the bankruptcy cases on their stock of correspondence and business forms.

10. The Debtors shall serve a copy of the Order, by overnight mail, on each of the Banks within five business days of the entry of the Order.

11. Notwithstanding anything to the contrary set forth herein, immediately upon entry of this Order, if they have not done so already, the Debtors shall cease investing the

funds held in the Central Concentration Account maintained with Wells Fargo Bank in the Overland Express Sweep Fund.

12. The Debtors are authorized to continue to engage in Intercompany Transactions in the ordinary course of business. Pursuant to section 364(c) of the Bankruptcy Code, all Intercompany Claims held by one Debtor against another Debtor arising from postpetition Intercompany Transactions shall be entitled to administrative priority status of the kind specified in section 503(b) of the Bankruptcy Code.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in the Order.

14. Notwithstanding the relief granted in the Order and any actions taken pursuant to such relief, nothing in the Order shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in the Order or the Motion; (v) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

15. Notwithstanding the relief granted in the Order and any actions taken pursuant to such relief, nothing in the Order shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

16. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are waived.

18. The relief granted in the Order is necessary to avoid immediate and irreparable harm to the Debtors and the requirements of Bankruptcy Rule 6003 are deemed satisfied.

19. The requirements pursuant to Rule 9013-1 of the Local Bankruptcy Rules are deemed satisfied.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of the Order.

Dated: New York, New York
**April 24, 2009**

                                        **/s/Martin Glenn**
                                  UNITED STATES BANKRUPTCY JUDGE