DIAMOND McCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Telephone: (212) 430-5400
Facsimile:  (212) 430-5499
Joan M. Secofsky
Christopher A. Provost
Jason B. Porter

*Attorneys for Plaintiff Ocean Ridge Capital Advisors, LLC,
solely in its capacity as Managing Trustee for the Graphics
Properties Holdings Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                          :   Chapter 11
                                                                :
Graphics Properties Holdings, Inc.                              :   Case No.  09-11701 (MG)
(f/k/a Silicon Graphics, Inc.),                                 :
*et al*.,                                                       :   (Jointly Administered)
                                                                :
                                        Debtors.                :
------------------------------------------------------------x
Ocean Ridge Capital Advisors, LLC, solely in                    :   Adv. Pro. No: 11-_____(MG)
its capacity as Managing Trustee of the                         :
Graphics Properties Holdings Liquidating Trust,                 :
                                                                :
                                        Plaintiff,              :
            vs.                                                 :
                                                                :
Delta Electronics, Inc.,                                        :
                                                                :
                                        Defendant.              :
------------------------------------------------------------x

## COMPLAINT

Ocean Ridge Capital Advisors, LLC ("Plaintiff"), the duly appointed Managing Trustee of the Graphics Properties Holdings Liquidating Trust (the "Trust"), files this complaint (the "Complaint") against Delta Electronics, Inc. (the "Defendant"), and in support states as follows:

**NATURE OF CAUSE OF ACTION**

1.  This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt to or for the benefit of Defendant by Graphics Properties Holdings, Inc. (f/k/a Silicon Graphics, Inc.), and its affiliates (collectively, the "Debtors")[1] during the 90-day period prior to the filing of the Debtors' bankruptcy petitions (*i.e.*, January 1, 2009 – April 1, 2009, the "Preference Period") pursuant to 11 U.S.C. §§ 547 and 550 (the "Transfers").

**JURISDICTION**

2.  This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) because it arises under and relates to cases filed under title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"), consolidated Case No. 09-11701.

3.  The claims and causes of action set forth herein concern the avoidance and recovery of preferential transfers under 11 U.S.C. §§ 547 and 550.

4.  This adversary proceeding is a "core" proceeding under 28 U.S.C. § 157(b).

---

[1] The Debtors were the following entities: Graphics Properties Holdings, Inc. (f/k/a Silicon Graphics, Inc.), GPH of Manhattan, Inc. (f/k/a Silicon Graphics of Manhattan, Inc.), GPH Research, L.L.C. (f/k/a Cray Research, L.L.C.), GPH Real Estate, Inc. (f/k/a Silicon Graphics Real Estate, Inc.), GPH World Trade Corporation (f/k/a Silicon Graphics World Trade Corporation), GPH Studio, Inc. (f/k/a Silicon Studio, Inc.), GPH Research America Latina Ltd. (f/k/a Cray Research America Latina Ltd.), GPH Research (Eastern Europe) Ltd. (f/k/a Cray Research (Eastern Europe) Ltd.), GPH Research (India) Ltd. (f/k/a Cray Research (India) Ltd.), GPH Research International, Inc. (f/k/a Cray Research International, Inc.), GPH Financial Corporation (f/k/a Cray Financial Corporation), GPH Asia/Pacific, Inc. (f/k/a Cray Asia/Pacific, Inc.), Paragraph International, Inc. and WTI Development, Inc.

2

5.   The Court has personal jurisdiction over Defendant pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

6.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1408(2) and 1409.

7.   Pursuant to the Order, dated November 10, 2009, confirming the Modified First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Confirmation Order"), the Court specifically retained jurisdiction, *inter alia,* to determine any and all adversary proceedings, applications, and contested matters; to hear and determine any rights, claims or causes of action held by or accruing to the Debtors pursuant to the Bankruptcy Code; and to recover all assets of the Debtors and property of the Debtors' estates.

## PARTIES

8.   Ocean Ridge Capital Advisors, LLC is the duly appointed Managing Trustee of the Graphics Properties Holdings Liquidating Trust, a trust formed under the laws of the State of Delaware. Pursuant to the Plan and the Liquidating Trust Agreement (as those terms are defined below), Plaintiff was granted authority to pursue avoidance actions arising under Chapter 5 of the United States Bankruptcy Code on behalf of the Trust.

9.   Upon information and belief, Delta Electronics, Inc. is a corporation formed under the laws of the State of Virginia with its principal place of business at 5730 General Washington Drive, Alexandria, VA 22312. Defendant may be cited to appear by mailing a copy of the summons and the Complaint to an officer or registered agent as follows:

3

William R. Fox
Delta Electronics, Inc.
5730 General Washington Drive
Alexandria, VA  22312

## BACKGROUND

10.     During the Preference Period, the Debtors continued to operate their business affairs, including the transfer of property, by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

11.     On April 1, 2009 (the "Petition Date"), the Debtors' filed voluntary Chapter 11 petitions to commence the above-referenced, jointly-administered bankruptcy cases.

12.     On November 10, 2009, the court confirmed the Debtors' Modified First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").

13.     The Plan became effective on December 10, 2009.

14.     Pursuant to the terms of the Plan, the Liquidating Trust Agreement was entered into on December 10, 2009, creating the Trust.

15.     Barry J. Weinert was appointed as the original Managing Trustee of the Trust.

16.     Pursuant to the terms of the Acceptance of Appointment as Managing Trustee of the Graphics Properties Holdings Liquidating Trust Agreement, dated May 25, 2010, Plaintiff replaced Mr. Weinert as the duly appointed Managing Trustee of the Trust.

17. The terms of the Plan vest the Trust with the power to prosecute and settle all causes of action which arise from claims which may be brought by a trustee under Chapter 5 of the Bankruptcy Code.

18. Pursuant to the terms of the Plan and the Liquidating Trust Agreement, Plaintiff is authorized to pursue the causes of action set forth in this Complaint on behalf of the Trust.

19. The Modified First Amended Disclosure Statement for Debtors' Modified First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated September 15, 2009, (the "Disclosure Statement") classifies holders of unsecured claims as impaired creditors with an estimated 0% recovery on their claims.

20. The Court, after reviewing the Liquidation Analysis[2] and other evidence proffered or adduced at the confirmation hearing, found that impaired creditors would receive equal or greater value under the Plan than in a Chapter 7 liquidation.

21. Defendant is classified as an unsecured creditor under the Plan.

22. Defendant received more than it would have if the cases were cases under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant had received payment on such debt to the extent provided by the provisions of the Bankruptcy Code.

23. The Transfers were made on account of antecedent debts.

---

[2] The Liquidation Analysis is attached as Exhibit "D" to the Disclosure Statement.

24. Exhibit "A" attached hereto and incorporated herein by reference, details the form, date, and amount of the Transfers.

25. Prior to filing this Complaint, Plaintiff's counsel sent Defendant a demand letter seeking to consensually settle Plaintiff's claim prior to the commencement of an adversary proceeding. Plaintiff's counsel did not receive a response from Defendant.

## CLAIMS FOR RELIEF

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

26. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

27. During the Preference Period, Defendant was a creditor of one or more of the Debtors within the meaning of 11 U.S.C. § 101(10)(A).

28. Each Transfer identified on Exhibit "A" hereto was made to or for the benefit of the Defendant.

29. Each Transfer made was for or on account of an antecedent debt owed to Defendant by one or more of the Debtors before the Transfers were made.

30. Each Transfer identified on Exhibit "A" was made during the Preference Period

31. The Debtors were insolvent at all times during the Preference Period.

6

32. As demonstrated above, the Transfers enabled Defendant to receive more than it would have received if (i) the Debtors' chapter 11 cases were instead cases under chapter 7 of the Bankruptcy Code; (ii) the transfers and/or payments had not been made; and (iii) Defendant had received payment on account of the debt paid by the Transfers to the extent provided by the Bankruptcy Code.

33. Based on the foregoing, each Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547(b).

## COUNT II

**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

34. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

35. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

36. Defendant is either: (a) an initial transferee of the Transfers; or (b) the entity for whose benefit such Transfers were made; or (c) an immediate or mediate transferee of initial transferee of such Transfers. Each Transfer that is avoided under Section 547(b) is recoverable pursuant to Bankruptcy Code section 550. Accordingly, Plaintiff seeks recovery of the Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant as to Counts I and II, and that the Court enter judgment against Defendant:

A. Avoiding the Transfers pursuant to 11 U.S.C. § 547(b);

B. Requiring Defendant to pay to Plaintiff the amount of $525,281.00;

C. Awarding Plaintiff prejudgment interest at the legally allowed applicable rate;

D. Requiring Defendant to pay the Plaintiff for reasonable professional fees and expenses, including fees and expenses of attorneys and accountants, incurred by the Plaintiff in the prosecution of this action;

E. Disallowing, in accordance with 11 U.S.C. § 502(d) and (j), any claim held by Defendant and/or its assignee until Defendant satisfies the judgment;

F. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

G. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: March 30, 2011
New York, New York

**DIAMOND McCARTHY LLP**

By: _s/Joan M. Secofsky_
Joan M. Secofsky
Christopher A. Provost
Jason B. Porter
620 Eighth Avenue, 39th Floor
New York, New York 10018
Telephone:  (212) 430-5400
Facsimile:  (212) 430-5499

*Attorneys for Ocean Ridge Capital Advisors, LLC, solely in its capacity as Managing Trustee of the Graphics Properties Liquidating Trust*

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Notice of Appearance was served electronically by the Court's ECF System on all parties registered to receive such service, on the 30th day of March, 2011.

                                          *s/Joan M. Secofsky*

## **EXHIBIT A**

## DELTA ELECTRONICS Combined Payment Listing

| Date | Payment # | Payment Type | Payment Amount |
| --- | --- | --- | --- |
| 1/22/2009 | 6024112 | CHECK | $43,065 |
| 1/28/2009 | 6024194 | CHECK | $139,858 |
| 2/3/2009 | 6024273 | CHECK | $156,524 |
| 2/9/2009 | 6024364 | CHECK | $13,907 |
| 2/18/2009 | 6024444 | CHECK | $19,140 |
| 3/4/2009 | 6024728 | CHECK | $58,764 |
| 3/24/2009 | 6025008 | CHECK | $94,022 |
| 7 | | | $525,281 |